IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH NICHOLS,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:19-cv-00563

TIMOTHY KING,

          Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

*I.    BACKGROUND*

Plaintiff Keith Nichols ("Plaintiff") alleges that in July 2019, while he was incarcerated at the Southwestern Regional Jail and Correctional Facility ("Southwestern") in Holden, West Virginia, he was working in the kitchen when "the chemical container ran empty of lye and started beeping." (ECF No. 2 at 4.) He avers that he "pulled the Empty one out to put a new one in and it sprayed the leftover chemicals all over [his] arm." (*Id.*) According to Plaintiff, "[t]hey didn't have the right Equipment for [the kitchen staff] to use in changeing [sic] the Lye container with until after [he] got burned." (*Id.*) He seeks "to be compensated for the Burn on [his] Arm." (*Id.* at 5.)

## II.  LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion

2

to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

Although the legal basis for Plaintiff's claim is not clear from his complaint, his allegations sound in mere negligence. In short, he alleges that he was injured while working in the kitchen at Southwestern because he was not provided with the necessary equipment to safely change the lye container, an omission he attributes to Defendant Timothy King ("King"), whom he alleges is Southwestern's Superintendent. (ECF No. 2 at 4–5.) To the extent Plaintiff purports to allege a 42 U.S.C. § 1983 claim against King for a violation of his federal constitutional rights, "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). As such, Plaintiff's Complaint fails to state a § 1983 claim against King.

Further, to the extent Plaintiff seeks to allege a state-law negligence claim against King, this Court lacks jurisdiction over it. Plaintiff appears to allege that King is, like him, a citizen of West Virginia for diversity purposes. (ECF No. 2 at 4.) But diversity jurisdiction provides a federal forum for actions "between . . . citizens of different States." 28 U.S.C. § 1332(a). Therefore, this Court is not an appropriate forum for any state-law negligence claim against King.

## IV.   RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), he shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.   Copies of any objections shall be provided to Judge Copenhaver.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER:   September 20, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge